■ In the Matter of PAUL DI COCCO et al., Appellants, against SAMUEL S. STRATTON, as Mayor of the City of Schenectady, Respondent.— Appeal from an order of the Supreme Court entered in Schenectady County, which dismissed a petition for a mandamus order under article 78 of the Civil Practice Act. Petitioners sought an order restraining the Mayor of the City of Schenectady from proceeding with a public hearing in the matter of the investigation of " Police Department Enforcement of the Anti-Gambling Law ", and more particularly from enforcing any penalty against petitioners by reason of their failure to appear and testify pursuant to subpoenas served upon them. The power and authority of the mayor to issue the subpoenas and take petitioners' testimony is challenged on this appeal. The City of Schenectady operates under Plan " C " of the Optional City Government Law. Section 42 of the Optional City Government Law (L. 1914, ch. 444), provides: " The council, or the mayor, shall have the power to inquire into any matter relating to the affairs of the city, to compel by subpoena the attendance of witnesses and the production of books and papers material to any such inquiry, to administer oaths to witnesses and to examine them and such books and papers." (See, also, General

City Law, § 20, subd. 21.) The language of section 42 is clear and explicit, and requires no judicial interpretation. Certainly an investigation of the police department of a city is a "matter relating to the affairs of the city". From that premise section 42 clearly grants powers to the mayor to compel the attendance of witnesses, without limitation, and to examine them as to any matter material to the investigation. Of course, the question of materiality of any particular inquiry is not before us, and when and if such a question arises the courts will protect petitioners from an unreasonable prying into their personal affairs, unrelated or immaterial to the investigation. Petitioners' contention that the mayor's power of subpoena is limited to city employees and records is not sustainable. The statute contains no such limitation. (Cf. *Matter of Edge Ho Holding Corp.*, 256 N. Y. 374; *Matter of Barnes*, 204 N. Y. 108.) The contention that the investigation may involve expense to the city is without merit. The question of possible expense, if any, is purely speculative, and since this is not a taxpayer's action, that factor may not be considered in this proceeding. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.